**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NORMA L. RIOS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:24-cv-73** |
| | § | |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Lincoln National Life Insurance Company wrongfully terminated the long-term disability benefits of Norma L. Rios.

## I. PARTIES

1. Plaintiff Norma L. Rios is a resident of Hebbronville, Jim Hogg County, Texas.

2. Defendant Lincoln is a foreign insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Lincoln is incorporated in Indiana and has its principal place of business in Fort Wayne, Indiana.

## II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by group insurance policy insuring employees of the Jim Hogg County Independent School District.

4. This Court has diversity jurisdiction as the matter in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different States. Plaintiff Norma Rios resides in Hebbronville, Jim Hogg County, Texas. She is a citizen of Texas. Defendant Lincoln is an insurance company that is incorporated and has its principal place of business in Indiana. For diversity purposes, Lincoln is not a citizen of Texas. As a result, this Court has diversity jurisdiction under the authority of 28 U.S.C. §1332(a)(1).

5. Venue is proper in the Southern District of Texas, Laredo Division, as the disability benefit payment obligations under the policy are to Rios at her home in Hebbronville, Jim Hogg County, Texas.

## III. STATEMENT OF FACTS

6. Norma Rios taught high school from 2001 until 2014 for the Jim Hogg County Independent School District (economics, computer science, and technology classes), taught school for the Santa Gertrudis Independent School District from 2014 until 2017, then returned to work as an administrator for the Jim Hogg ISD until she became disabled in 2020.

7. Rios worked with severe cervical spine pain and limited mobility, as well as a host of other impairments, as long as she could. In 2016 she underwent

an anterior cervical discectomy and fusion with instrumentation placed at C4 through C6 due to unresolved pain caused by cervical disc herniations and severe cervical spine stenosis. Despite physical therapy and other measures, her neck pain and limited range of motion did not resolve. She also had difficulty with her balance and could not sit or stand for any length of time without experiencing severe pain. She had a cervical spine MRI in April of 2020 that showed a disc herniation at C6-7 causing central canal stenosis and spinal cord injury/spinal cord edema. In May of 2020 she had another spinal surgery to address this issue and attempt to reduce her pain levels: a right anterior discectomy and fusion. The instrumentation at C4-6 was removed. This surgery failed and in July of 2020 Rios underwent a third spinal surgery and debridement (with C6-7 hardware revision) as well as repair of an esophageal tear.

8. The surgeries did not alleviate her chronic neck and upper extremity pain and difficulties with balance. In addition, due to complications from the surgeries in 2020, Rios began to suffer from severe dysphagia (difficulty swallowing). She required a feeding tube but suffered from an infection as a result of its placement. After the 2020 surgeries, she could not return to work in any capacity.

9. By virtue of her employment, Rios had the opportunity to purchase long term disability (LTD) coverage from Lincoln National Life Insurance Company. The Lincoln policy was a group policy insuring employees of the Jim Hogg County ISD. She was covered under the policy at the time that she became

disabled. She elected coverage that would pay her $3,000 per month if she became disabled.

10. The LTD policy has a 180-day elimination period, meaning that LTD benefits are not paid for the first 180 days of disability. However, if an insured remains disabled after the elimination period, then Lincoln is obligated to pay LTD benefits under the policy. Since Rios remained disabled, Lincoln approved her LTD claim. She began receiving benefits on December 30, 2020.

11. Like most LTD policies, the definition of disability is an "own occupation" definition for the first 24 months that LTD benefits are paid. The "own occupation" definition means that the insured is unable to perform the main duties of her regular occupation. In this case, Lincoln found that due to her many impairments, Rios was unable to continue working as an assistant principal.
Lincoln paid Rios benefits at the rate of $3,000 per month for the "own occupation." period. The "own occupation" period ended on December 30, 2022.

12. After benefits are paid for 24 months, the LTD policy then has an "any occupation" definition of disability, not unlike the statutory definition that is applied by the Social Security Administration in determining whether a claimant is entitled to Social Security disability benefits or Medicare benefits due to disability. Lincoln terminated Rios' LTD benefits after 24 months, asserting that as of December 30, 2022 and thereafter she was able to perform a number of full-time occupations.

13. Contrary to Lincoln's decision to terminate LTD benefits, Rios had a constellation of impairments that as of December 30, 2022 and thereafter caused her to be unable to perform the duties and responsibilities of any full-time occupation. This was recognized by the Social Security Administration (SSA). The SSA found Rios totally disabled under their rules as of September 20, 2021 and thereafter, entitling her to Medicare benefits starting 3/1/2024.[1] The definition of disability applied by the SSA is similar to the "any occupation" definition in the Lincoln policy.

14. Rios' neurosurgeon, Matthew Alexander M.D., who has treated her since 2016, confirmed to Lincoln that Rios remained unable to perform the material duties of any occupation as of December 30, 2022 and thereafter. In his treatment note dated 12/15/2022, (two weeks before Lincoln terminated her LTD benefits) Dr. Alexander described her condition:

> "The patient is a 51-year-old Hispanic female status post repair of esophageal tear and cervical C6-C7 hardware revision on 7/22/2020 and right ACDF C6-C7 with cadaver graft and plate and removal of C-4-C6 instrumentation on 5/15/2020 who returns for a scheduled follow up. She continues to (sic) severe neck pain and balance problems.
>
> She sees a Gastro doctor in Laredo. She can not eat. She throws up and has uncontrolled diarrhea. She is afraid to eat and wears depends at nighttime. She is stating her liver is having problems and afraid to take pain medications due fact has Tylenol (sic). She was hospitalized in Laredo and was placed in Fentayl (sic) patch. She continues to have severe neck pain and see Dr. Lopez."

[1] Rios is not entitled to Social Security disability payments because she was a government employee.

In his December 2022 treatment note, he concluded in part as follows:

"The patient is a 51-year-old Hispanic female status repair of esophageal tear and cervical C6-C7 hardware revision on 7/22/2020 and right ACDF C6-C7 with cadaver graft and plate and removal of C4-C6 instrumentation on 5/15/2020 with chronic neck pain and poor balance and multiple GI ailments.

We have a official FFE (sic) performed by physical therapy shows severe restrictions on her level of activity or even sitting more than 30 minutes. She meets medical criteria for long term to permanent disability. She can not sit or stand for prolonged periods of time of more than 30 minutes."

15. Despite the clear evidence that Rios was not able to perform any occupation as of December 30, 2022, Lincoln continued to deny Rios' claim and appeals. While Rios' final appeal was pending, Lincoln requested that Rios undergo an independent medical exam by an evaluator selected by Lincoln. Rios agreed. She underwent the independent medical exam on January 4, 2024.

16. The examiner, Dr. John Obermiller, stated as follows in his report:

"...during examination Ms. Rios stated that she does have a regular care giver that is with her Monday through Friday for four to five hours a day to assist with housework, meals, driving, shopping, and any other tasks needed. Her mother comes on the weekends to aid her. Therefore, in my medical opinion the claimant is not able to work."

17. Dr. Obermiller concluded his report as follows:

"This is an independent physical examination of a designated body area for a specific date of injury. There may be underlying medical conditions not covered that are beyond the scope of this report. This is not a disability examination. Disability is evaluated administratively and is based on many non-medical factors that are beyond the scope of this report...."

18. Despite the clear evidence of her continued disability, Lincoln issued a final determination letter dated April 8, 2024, indicating that Ms. Rios' LTD benefits were terminated as of December 30, 2022.

19. Rios' former employer, the Jim Hogg County ISD, is a Texas public school district, i.e. a governmental entity. The group disability benefit plan insuring Rios is a "government plan" as that term is defined within the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §1002(32). As a result, ERISA does not apply to the group policy and Rios may pursue state law claims against Lincoln. 29 U.S.C. §1003(b)(1) (exempting government plans from the reach of ERISA).

20. Since the administration and payment of claims under the group policy was subject to Texas law (beyond the reach of ERISA's broad preemption provision), after her first appeal was denied Rios sent a second appeal and notice letter (hereinafter "Notice Letter") to Lincoln under the pre-suit notice requirements of the Texas Insurance Code, specifically §541.154, advising Lincoln of her claims and economic damages. The letter was sent on September 20, 2023. Lincoln's response was to continue to deny Rios' claim for LTD benefits under the policy's "any occupation" definition. More than 60 days have elapsed since Lincoln's receipt of the Notice Letter. In the Notice Letter, Rios also provided notice that Lincoln was in breach of contract by terminating her LTD benefits.

21. Rios has satisfied all pre-suit requirements in order to bring her causes of action and her claim for attorney's fees.

## IV. CAUSES OF ACTION

**Count I: Breach of Contract**

22. Rios remains disabled, as that term is defined within the Lincoln policy, and therefore remains entitled to benefits under the policy. As of December 31, 2022, the date that Lincoln terminated Rios' LTD benefits, and thereafter, Lincoln is in breach of the insurance policy by refusing to pay LTD benefits after December 30, 2022.

**Count II: Claims Under the Texas Insurance Code, Title 5, Chapter 541**

23. Lincoln's termination of Ms. Rios' LTD benefits as of December 31, 2022 and thereafter is an unfair settlement practice that violates the following provisions within Chapter 541, Subchapter B, of the Texas Insurance Code.

*Texas Insurance Code*

***541.060*** *Unfair Settlement Practices*

*It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:*

*failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and failing to promptly provide to the policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.*

24. The SSA's decision that Rios is disabled under their rules, along with her medical records and the opinions of Dr. Alexander and even the opinions of Lincoln's medical examiner, Dr. Obermiller, support Rios' assertion that Lincoln did not, and could not, provide a reasonable explanation for its decision to terminate Rios' LTD benefits as of December 31, 2022. Lincoln's arbitrary denial of LTD benefits after December 30, 2022 is a violation of Subchapter B, §541.060, actionable under Subchapter D, §541.151 of the Texas Insurance Code. Specifically, Lincoln's denial of further LTD benefits amounted to a failure to provide Rios a reasonable explanation of the basis in the policy, in relation to the facts, for its denial of her claim for continued LTD benefits. Rios brings this claim for her damages under §541.151 of the Texas Insurance Code.

25. Given the overwhelming evidence of Rios' continued disability after December 30, 2022, and the absence of credible evidence that Rios' was not disabled after that date, Lincoln knew that it was unreasonable to terminate her LTD benefits but performed the arbitrary action anyway. As a result, she is entitled to additional damages under §541.152(b) of the Texas Insurance Code.

**Count III**: **Claims Under the Texas Insurance Code, Title 5, Chapter 542 (*The Prompt Payment of Claims Act*)**

26. Lincoln's failure and refusal to pay Rios' claim for continued disability benefits by March 1, 2023, being sixty days after the termination of her LTD benefits, implicates its liability under Chapter 542 of the Texas Insurance Code. In accordance with Texas Insurance Code Section 542.060(a), 18% interest should

attach as additional damages to the disability benefits owed Rios as of March 1, 2023 and thereafter.

## V. RELIEF REQUESTED

*Past Due Benefits*

27. The policy provides for a monthly LTD benefit of $3,000. As of September 21, 2024, Lincoln will owe Rios the sum of $63,000 in past due benefits ($3000 x 21 months).

*Present Value of Future Benefits*

28. In all probability, Rios will remain unable to work at any full-time occupation for the rest of her life. She is entitled to LTD benefits under the policy until she turns 65 years of age. She turns 65 in September, 2036. In addition to past due benefits, Rios requests that the present value of her future benefits be awarded as damages. The present value of her future benefits, discounted at the rate of 2% per annum, is $383,786.95.

*Additional Damages Under the Texas Insurance Code*

29. Rios requests her actual damages as described in paragraphs 27 and 28, and in addition, she requests two times the amount of her actual damages as additional damages under Subchapter D, §541.152(b) of the Texas Insurance Code as Lincoln terminated Rios' LTD benefits knowing that it was an unreasonable decision at the time that it made the decision.

*Interest as Damages Under the Texas Insurance Code on Past Amounts Owed as of March 1, 2023 and Thereafter*

30. In addition, in accordance with Section 542.060(a) of the Texas Insurance Code, 18% interest should attach as additional damages to disability benefits owed as of March 1, 2023 and thereafter.

## VI. ATTORNEY'S FEES

31. Rios seeks her reasonable attorney's fees under the authority of Chapter 38 of the Texas Civil Practice and Remedies Code, which allows the recovery of attorney's fees for a successful breach of contract claim. Through counsel, she presented her breach of contract claim to Lincoln more than 60 days before filing suit but Lincoln has not tendered any of the amount owed.

32. Rios also seeks her attorney's fees under Subchapter D, §541.152(1) of the Texas Insurance Code.

33. Rios also seeks her attorney's fees under the Prompt Payment of Claims provisions of Subchapter D, §542.060(a) of the Texas Insurance Code.

## CONCLUSION

Wherefore, premises considered, Rios requests back disability benefits in the amount of $63,000, owed as of September 21, 2024, plus monthly disability benefits that accrue after September 21, 2024 but while this case is pending at the rate of $3,000 per month, as well as the present value of future benefits in the amount of $383,786.95. She also seeks additional damages up to two times her actual damages because Lincoln terminated Rios' LTD benefits even though Lincoln knew it was an unreasonable and arbitrary action. As a result of the

excessive delay in the payment of benefits that are owed Rios, she requests that 18% interest (as damages) be added to her breach of contract damages from March 1, 2023 until the time of judgment in accordance with §542.060(a) of the Texas Insurance Code. She also requests her attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: *__/s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Fed ID No. 31492**
**Attorney for Plaintiff Norma L. Rios**