**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NORMA L. RIOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:24-cv-00073** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Norma Rios ("Plaintiff"), and states as follows:

Lincoln admits that Plaintiff received, at certain times, benefits from the Jim Hogg County ISD Disability Plan (the "LTD Plan"). Lincoln further admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Group Disability Income Policy No. 000010179633 (the "Policy") issued by Lincoln to Jim Hogg County ISD. ("JHISD"). Lincoln denies all remaining allegations contained in the introductory Paragraph of the Complaint.

## I. PARTIES

1. Upon knowledge and belief, Lincoln admits that Plaintiff resides in Jim Hogg County, Texas, and accordingly, admits the allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is licensed to do business in Texas. Lincoln admits that it was

properly served in this action. Lincoln denies all remaining allegations contained in 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, but Lincoln denies that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that this Court has jurisdiction over this matter. Lincoln admits that Plaintiff seeks $75,000 or more in this matter, but Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional basis gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln admits it is an Indiana Corporation. Lincoln admits that Plaintiff is a citizen of Texas. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## III. STATEMENT OF FACTS

6. Lincoln admits Plaintiff was, at certain times, employed by JHISD as a teacher and Assistant Principal and that Plaintiff's last day of work at JHISD was July 2, 2020. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claims file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff was, at certain times, employed by JHISD and a participant in the LTD Plan sponsored by JHISD. Lincoln admits the LTD Plan was, at certain times, insured by the Policy issued by Lincoln to JHISD. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" and "own occupation" as applicable to a participant's claim for benefits from the plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits the Policy includes language pertaining to the definition of "any occupation" as applicable to a participant's claim for benefits from the plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln admits it sent a letter dated October 21, 2022, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it sent a letter dated October 21, 2022, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it sent letters dated October 18, 2023, June 15, 2023, and April 8, 2024, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits it received appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy. Lincoln admits that a report of an independent medical examination is contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that a report of an independent medical examination is contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that a report of an independent medical examination is contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it sent a letter dated April 8, 2024, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits the allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it received a letter from Plaintiff's counsel dated September 20, 2023, along with additional documentation, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits it sent a letter dated April 8, 2024, to Plaintiff, and

Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies the allegations contained in Paragraph 21 of the Complaint.

## IV. CAUSES OF ACTION

### Count I: Breach of Contract

22. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 22 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

### Count II: Claims Under the Texas Insurance Code, Title 5, Chapter 541

23. To the extent that the allegations contained in Paragraph 23 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that physician peer reviews, a report of an independent medical examination, documents concerning Plaintiff's claim for benefits from the Social Security, and documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 24 of the Complaint contain legal conclusions, Lincoln is not required to respond. To

the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 25 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

**Count III: Claims Under the Texas Insurance Code, Title 5, Chapter 542**

26. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

## V. RELIEF REQUESTED

27. To the extent that the allegations contained in Paragraph 27 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Lincoln

denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

## VI. ATTORNEY'S FEES

31. Lincoln admits that by this action, Plaintiff is seeking recovery of attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that by this action, Plaintiff is seeking recovery of attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that by this action, Plaintiff is seeking recovery of attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

2. At all relevant times, Lincoln has acted in full compliance with the terms and provisions of the relevant disability benefits policy and all applicable laws.

3. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

4. Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

5. Plaintiff was not "disabled" as defined by the applicable definition contained in the relevant disability benefits policy, and thus, did not qualify for benefits under the Policy.

6. Lincoln's actions in this matter neither breached the Texas Insurance Code nor constituted unfair methods of competition or unfair and deceptive acts or practices in the business of insurance.

7. Lincoln specifically denies that it misrepresented, suppressed, or concealed material facts to Plaintiff.

8. Lincoln denies that it was unjustly enriched or breached any duty owed to Plaintiff.

9. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy and/or the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

10. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

11. Plaintiff may not recover future benefits as future damages, as such an award would be speculative and would not be able to be accurately calculated due to the application of offsets such an earned income.

12. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

13. Plaintiff has failed to provide adequate proof of loss under the Policy.

14. The damages asserted by Plaintiff were the result of Plaintiff's own actions and/or Plaintiff failed to mitigate damages.

15. Lincoln was not the proximate cause of the damages asserted by Plaintiff.

16. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: June 28, 2024.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

June 28, 2024
Date

/s/ Iwana Rademaekers
Iwana Rademaekers