United States District Court
Southern District of Texas
**ENTERED**
December 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| NORMA L. RIOS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:24-cv-73 |
| | § | |
| LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY | § | |

**ORDER**

The parties filed a joint stipulation of dismissal, wherein they agree that Plaintiff Norma L. Rios's claims against Defendant Lincoln National Life Insurance Company should be dismissed with prejudice (Dkt. No. 9). Generally, civil litigants may dismiss an action without a court order "by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 41(a) is subject to limitations in class action suits, shareholder derivative suits, and suits where the Court has appointed a receiver. Fed. R. Civ. P. 41(a)(1)(A). Here, all parties signed the stipulation, and none of these limitations apply (Dkt. No. 9 at 1–2).

Unless litigants indicate otherwise, Federal Rule of Civil Procedure 41(a)(1)(A) dismissals operate without prejudice. Fed. R. Civ. P. 41(a)(1)(B). The parties, however, specified that the dismissal is with prejudice (Dkt. No. 9 at 1). Thus, the stipulation's filing automatically dismissed Plaintiff's claims with prejudice. *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)) (holding Rule 41(a)(1)(A)(ii) dismissals operate automatically and divest the court of its jurisdiction).

Because no claim remains pending before the Court, the Clerk of Court is hereby **DIRECTED** to **TERMINATE** this civil action.

It is so **ORDERED**.

**SIGNED** December 2, 2024.

Marina Garcia Marmolejo
United States District Judge